# CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SMG, as Agent for the County of Albany,
owner of the Times Union Center,

                                                                           Plaintiff,

      v.

                                                                  18-CV-1000 (BKS/CFH)

METROPOLITAN ENTERTAINMENT
CONSULTANTS, LLC, JOHN SCHER and
JOHN DOE #1, an individual, and JOHN
DOE #2 INC., an entity,

                                                        Defendants.
_____

      **IT IS HEREBY ORDERED that**, Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Christian F. Hummel, United States Magistrate Judge, on October 24, 2018 at 10:00 a.m. in Albany, NY.

      Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

1) **JOINDER OF PARTIES**: Any application to join any person as a party to this action (including the present "John Doe" Defendant) shall be made on or before February 10, 2019.

2) **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings (including the present "John Doe" Defendant) to this action shall be made on or before February 10, 2019.

3) **DISCOVERY**: All discovery in this action shall be completed on or before March 30, 2020.

4) **MOTIONS**: All motions, including discovery motions, shall be made on or before June 30, 2020. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before August 1, 2020. It is anticipated that the trial will take approximately 7 days to complete. The parties request that the trial be held in Albany, New York. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

6) **HAVE THE PARTIES FILED A JURY DEMAND**:  \_\_\_X\_\_\_(YES) / \_\_\_\_\_ (NO).

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED**?
There is no dispute concerning subject matter jurisdiction; the parties who have appeared have no issue with the Court having jurisdiction over them. There is currently a John Doe Defendant – once his identity is revealed the parties will be able to determine whether the Court has jurisdiction over all parties.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)**?
**Plaintiff**: SMG, in producing a Gala concert event, entered into both oral and written agreements with John Scher and his company to co-promote the event and license the use of the Albany Times Union Center. Defendants, a mere 10 days prior to the event, refused to pay its share of the artist deposits or bear its percentage of the potential loss of an unprofitable concert – as a result the concert was cancelled. Scher told Plaintiff's manager his decision was determined by an investor in his business. Plaintiff asserts that such facts establish breach of contract, fraud, personal liability, joint venture liability, fraudulent conveyance liability – all resulting in damages of no less than $450,000.00.
**Defendant**: In addition to denying the material allegations of the Complaint, it is asserted that SMG acted improperly by unilaterally cancelling the concert which resulted in inflated damages to Plaintiff, $15,000.00 of damages to Defendant Metropolitan and its loss of the ability to engage in future concert promotion activities. Defendant John Scher asserts that there is no basis for any claim against him personally and that the contract is between Defendant Metropolitan and SMG.

9) **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE**?
Defendants dispute all of the legal contentions made by Plaintiff and the material factual claims relating to the relationship between them.

10) **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? --- ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION**?
Too early to determine.

11) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT**?
Plaintiff seeks monetary damages on different claims and in different amounts ranging from $456,881.88 to such sum as represents general damages as determined by the jury and punitive damages and attorneys' fees. Defendant Metropolitan seeks damages on its counterclaim in different amounts, ranging from $15,970.25 to general damages as determined by the jury.

12) **DISCOVERY PLAN**:

    A.    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.
<u>The parties request that time to provide mandatory disclosures be extended until November 30, 2018 or no less than 10 days prior to the first mutually scheduled deposition.</u>

    B.    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:
<u>The relationships between Plaintiff and Defendants, the facts relating to changes in terms of the co-promotion agreements; the circumstances surrounding the cancellation of the concert; damages and mitigation efforts relating to claimed damages. Further, Plaintiff believes discovery is necessary concerning the financial resources of Metropolitan to complete its promotion responsibility with our without involvement of an investor.</u>

    C.    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
<u>Plaintiff seeks initial expedited discovery focused on discovering of the identity of the John Doe Defendant and only thereafter to engage first in paper discovery followed by depositions of the parties and non-parties relating to the merits of the claim and the asserted damages.  Defendant has not agreed to such sequencing of discovery & awaits the Court's ruling</u>

    D.    <u>**Written Discovery**</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
<u>Interrogatories and document demands.</u>

    E.    <u>**Depositions**</u>
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
<u>Approximately 5-6 Defendants, their agents and third parties having involvement in the concert promotion; approximately 5-6 of Plaintiff or its agents.</u>

    F.    <u>**Experts**</u>
Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the

expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e. initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).
None known at this time.

### G.     Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
Primarily emails – no agreements on search terms yet reached.

### H.     Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
None known at this time.

### I.     Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
Not yet known other than early discovery to identify the John Doe Defendant and the possible court issuance of a subpoena for Canadian deposition.

13) **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL**?
Too early to determine.  Bifurcation seems unnecessary.

14) **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT**?
No.

15) **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED**?
N/A

16) **WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement**:

        1----2----3----4----5----6----7----8----9----10
   (VERY UNLIKELY)→→→→→→→→→→(LIKELY)

CANNOT BE EVALUATED PRIOR TO <u>September 30, 2019</u> (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
_____
*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE **PROGRAMS** LISTED BELOW ARE COURT ANNEXED AND NON-BINDING.*

17) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

A.   Reviewed general Order #479   YES/~~NO~~
B.   Reviewed the List of Court Approved Mediators available on the NDNY website? ~~YES~~/NO
C.   Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?   YES/~~NO~~
D.   Discussed the time frame needed to complete Mandatory Mediation?   ~~YES~~/NO

*****************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on October 23, 2018 by phone and was attended by:

<u>Robert E. Ganz, Esq</u>. for Plaintiff

<u>Benjamin Casilio, Esq. for Defendants Metropolitan Entertainment Consultants, LLC and John Scher</u>.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised, that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(1).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*